# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-18-00042-CV

---

**Stacey Hammer, Appellant**

**v.**

**Wayne Morgan a/k/a El Campo Real Estate, LP a/k/a The Morgan Children, Inc. a/k/a Preferred Properties, Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT NO. D-1-GN-15-000557, HONORABLE JAN SOIFER, JUDGE PRESIDING**

---

## O R D E R

**PER CURIAM**

Appellant Stacey Hammer appealed a judgment nunc pro tunc signed on November 6, 2017. Concluding that the trial court's attempt to correct a purported error in a summary-judgment order was void, we reversed the ruling of the trial court and vacated the judgment nunc pro tunc. We now consider whether, as urged by Hammer, sanctions are appropriate in this case.

Hammer has moved for sanctions on the ground that the motion for judgment nunc pro tunc was a deliberate attempt by Morgan to circumvent this Court's March 30, 2017 opinion. *See Hammer v. University Fed. Credit Union*, Nos. 03-16-00262-CV, 03-16-00264-CV, 2017 WL 1228871, at *4 n.4 (Tex. App.—Austin Mar. 30, 2017, no pet.) (mem. op) (explaining that January 12, 2016 judgment awarding sanctions against Hammer was not final judgment in case and

was void because signed after trial court's plenary jurisdiction had expired). In response, Morgan contends that sanctions are not appropriate in this case because he filed the motion for judgment nunc pro tunc for the sole purpose of obtaining clarification about the effect of our opinion on the January 12, 2016 sanctions judgment.

We recognize that appellate courts have the power to impose sanctions on a party or an attorney for certain actions taken in the pursuit or defense of an appeal, *see* Tex. R. App. P. 45 (damages for frivolous appeals in civil cases); *see also Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 732 (Tex. 1997) (order on motion for reh'g) (citing Tex. Civ. Prac. & Rem. Code §§ 10.001-.005), including the inherent power "to sanction individuals for abusing the judicial process or to ensure an adversarial proceeding," *Westview Drive Invs., LLC v. Landmark Am. Ins. Co.*, 522 S.W.3d 583, 613 (Tex. App.—Houston [14th Dist.] 2017, pet. denied). Although we are not persuaded that Morgan's explanation establishes good cause for the filing of his motion for judgment nunc pro tunc in the trial court, we are not aware of any case in which an appellate court has ordered sanctions based on filings made or actions taken in trial courts.[1] *Cf. Havner*, 953 S.W.2d at 732 (sanctioning attorney on appeal for disrespectful and unprofessional conduct before that court); *see Prabhakar v. Fritzgerald*, No. 05-10-00126-CV, 2013 Tex. App. LEXIS 4537, at *7 (Tex. App.—Dallas Apr. 9, 2013, order) (same).

---

[1] In addition, there are other issues relevant to Hammer's motion for sanctions that this Court is not equipped to resolve. For example, on appeal, counsel for Morgan acknowledges that he owed the trial court a duty of candor and that this duty required him to inform the trial court of this Court's March 30, 2017 decision. *See* Tex. Disciplinary Rules of Prof'l Conduct R. 3.03(a), 8.04, *reprinted in* Tex. Gov't Code, tit. 2, subtit. G, app. A. Morgan's counsel has represented to this Court that he fulfilled his duty of candor because the trial court was made aware of this Court's decision during the hearing on Morgan's motion for judgment nunc pro tunc. Neither party, however, has provided a reporter's record from the hearing, and counsel for Morgan has informed this Court that he has "since learned that the nunc-pro-tunc hearing was not transcribed."

The motion for sanctions, as supplemented, is denied.

It is ordered on September 11, 2018.

Before Chief Justice Rose, Justices Goodwin and Field